IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD COX, ADC # 115950,      *
                                                   *
               Petitioner,         *
v.                                              *
                                                   *     No. 5:16CV00351-JJV
WENDY KELLEY, Director,         *
Arkansas Department of Correction,     *
                                                   *
              Respondent.        *

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Richard Cox (Doc. No. 1) and Respondent's Motion to Dismiss. (Doc. No. 13.) For the reasons articulated below, the Respondent's Motion is GRANTED and the Petition is DISMISSED WITHOUT PREJUDICE.

**I.     BACKGROUND**

Mr. Cox was convicted in the Circuit Court of Cross County of capital murder in August 1999, and sentenced to life in prison without the possibility of parole. (Doc. No. 13.) He appealed and the Arkansas Supreme Court affirmed. *Cox v. State*, 345 Ark. 391, 47 S.W.3d 244 (2001) (*Id.*). Thereafter, Mr. Cox did not seek post-conviction relief in state court.

This is Mr. Cox's fifth Petition for Writ of Habeas Corpus. Mr. Cox filed his first petition for writ of habeas corpus in this Court, alleging that (1) the state court improperly denied a *Batson* challenge when the prosecution used a peremptory strike to exclude a prospective African-American juror; (2) there was insufficient evidence to convict him; (3) the trial court erred in refusing to admit the statements of a co-defendant into evidence; and (4) the trial court failed to declare a mistrial after the prosecutor made improper comments during closing argument. His petition was denied, *Cox v.*

1

*Norris*, 5:02CV00234-JWC, and the United States Court of Appeal for Eighth Circuit affirmed. *Cox v. Norris,* 05-3046 (8th Cir., April 24, 2006). Mr. Cox then filed three more habeas petitions in this Court - all alleging substantially the same grounds raised in his first petition.

His second petition for writ of habeas corpus was *Cox v. Norris*, 5:07CV00204-BRW. In that case, Mr. Cox was denied authorization to file a successive habeas application (*id.*, Doc. No. 12-7) and his Petition was denied as successive. (Doc. Nos. 14, 20.) The Eighth Circuit Court of Appeals denied a certificate of appealability and his appeal was dismissed. *Cox v. Norris,* 07-3776 (8th Cir., February 15, 2008).

The third case was *Cox v. Hobbs*, 5:14CV114-BSM. Mr. Cox successfully obtained permission to file a second or successive habeas petition, but the Eighth Circuit authorized Mr. Cox to pursue only one of his claims - his Eighth Amendment claim based on *Miller v. Alabama*, 132 S.Ct. 2453 (2013). *Cox v. Hobbs*, No. 13-3188 (8th Cir. Feb. 24, 2014). The Eighth Circuit order stated, "The Motion with respect to all other claims is denied." *Id.* But, because he had a pending state habeas petition, this Court denied Mr. Cox habeas relief for failure to exhaust. He did not appeal that decision.

Mr. Cox's fourth case was *Cox v. Kelley*, 5:16CV00090. In that case, Mr. Cox voluntarily dismissed his Petition saying, "Petitioner has gained acknowledgement [*sic*] from the state that he will be resentenced in accordance with the United States Supreme Court decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012) as well as the Arkansas Supreme Court decisions. . . ." (*Id.* at Doc. No. 9.)

On November 17, 2016, Mr. Cox brought his fifth Petition. The instant Petition alleges that: (1) he is actually innocent; (2) the state did not indict him but rather charged him by information; (3) the state violated the Arkansas Juvenile Code during police interrogation, taking into custody and

initial court appearances; (3) the trial court erred by allowing hearsay and perjured testimony into evidence at his trial; and (4) there is insufficient evidence to sustain a conviction. (Doc. No. 1.) The Respondent filed a Motion to Dismiss arguing, *inter alia*, this Court lacks jurisdiction because Mr. Cox's Petition is successive. (Doc. No. 13.) For the following reasons, I agree.

## II.    ANALYSIS

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's

authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011) ("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Cox sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this fifth Petition. He must apply for and receive permission from the Eighth Circuit before filing any habeas corpus petition that challenges his convictions.

I note that, in the instant Petition, Mr. Cox does not raise any issues related to the then-mandatory nature of his sentence to life without parole pursuant to Arkansas Code Annotated § 5-4-104 (b) (Repl. 1997). The United States Supreme Court invalidated mandatory sentences of life without parole for persons who were juveniles at the time of the offense in *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455 (2012). The Court made the holding in *Miller* retroactive to all cases subject to collateral review in *Montgomery v. Louisiana*, ___ U.S.___, 136 S.Ct. 718 (2016). Mr. Cox previously was granted permission to pursue this claim and previously reported he was going to be resentenced pursuant to *Miller*. And Respondent also reports that Mr. Cox has a pending state habeas petition in Lee County, Arkansas, that was just filed on January 31, 2017. Although Mr. Cox's Petition raises some curious questions, there is no question that the instant Petition is successive and must be dismissed on this basis. Therefore, I find this Court does not have jurisdiction over Mr. Cox's claims. The dismissal is without prejudice so Mr. Cox may refile his Petition should the Eighth Circuit grant him permission to proceed.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED:

1. Respondent's Motion to Dismiss (Doc. No. 13) is GRANTED.

2. Mr. Cox's § 2254 Petition (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE and

the requested relief is DENIED.

    3.    No certificate of appealability shall issue.[1]

SO ORDERED this 1st day of March, 2017.

                        JOE J. VOLPE  
                        UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the Petition is clearly successive, no certificate of appealability shall be issued.